UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-10115-EFH |
| | ) |
| | ) |
| DREW J. SEGADELLI, | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM AND ORDER OF DISMISSAL</u>

For the reasons stated below, plaintiff's claims will be dismissed as lacking any arguable basis in law.

<u>FACTS</u>

Plaintiff Raymond Cook, an inmate at MCI Cedar Junction, alleges that his criminal defense attorney, Drew Segadelli, provided ineffective assistance of counsel at his criminal trial resulting in Cook being found guilty of first degree murder. Complaint ("Compl.") at ¶¶ 5-11. Cook contends that Segadelli failed to investigate, presented a defense of not guilty by reason of insanity against his instructions, and "slandered" plaintiff in an effort to make him appear insane. <u>Id.</u> at ¶ 10. Plaintiff alleges that he has suffered physical and emotional injuries as a result. <u>Id.</u> at ¶ 12.

<u>ANALYSIS</u>

I.   Plaintiff Has Failed to Pay
     <u>the Filing Fee or Seek a Waiver of It</u>

A prisoner filing a complaint in this Court must either
(1) pay the $150.00 filing fee for such actions or (2) file an
application to proceed <u>in forma pauperis</u> with a certified
prison account statement.  <u>See</u> 28 U.S.C. § 1914 ($150.00
filing fee); § 1915 (proceedings <u>in forma pauperis</u>).

Plaintiff has not submitted the filing fee or an
application for waiver of prepayment of the filing fee with a
certified prison account statement.  <u>See</u> 28 U.S.C. §
1915(a)(1).  However, because the complaint is subject to
dismissal, the Court will not grant plaintiff additional time
to pay the filing fee or seek a waiver of it.[1]

II.  <u>The Elements of a Section 1983 Action</u>

Plaintiff alleges that he is bringing a "civil rights action"

---

[1]Because plaintiff currently is incarcerated, he is
informed that the submission of an application to proceed
without prepayment of fees does not relieve him from his
obligation to pay the full amount of the filing fee; it simply
allows him to proceed without pre-payment of the entire filing
fee up-front.  28 U.S.C. § 1915(b)(1), (2).  When a prisoner-
plaintiff submits a certified copy of his prison account
statement, the Court directs the appropriate prison official
to withhold from the plaintiff's prison account and pay to the
Court an initial payment towards the $150.00 filing fee.  The
appropriate prison official is also directed to collect
monthly payments from the plaintiff's prison account on a
continuing basis until such time as the $150.00 statutory
filing fee is paid in full.  <u>Id.</u>

2

for malpractice and denial of access to the courts, and the Court will construe his claims liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), as an attempt to state a Section 1983 claim.  In order to state a Section 1983 claim[2], a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).

III.  Plaintiff's Claims Are Barred
        by the Favorable Termination Rule

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under Section 1983 because the success of the suit would effectively invalidate the

---

[2]Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

prisoner's underlying conviction and sentence.  Heck, 512 U.S. at
486-487.  In order to recover damages for allegedly
unconstitutional conviction or imprisonment, or for other harm
caused by actions whose unlawfulness would render a conviction
or sentence invalid, a Section 1983 plaintiff must prove that
the conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state
tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of habeas
corpus, 28 U.S.C. § 2254.  Id. at 486.

Here, the success of plaintiff's suit against his
criminal defense counsel would necessarily imply the
invalidity of his criminal conviction because he is claiming
that alleged ineffective assistance of counsel resulted in his
conviction.  He has not alleged that an authorized tribunal or
executive body overturned or otherwise invalidated his
convictions.  Consequently, Heck bars plaintiff's claims and
is a sufficient basis, in and of itself, to dismiss them.[3]

_____

[3]Thus, the Court will not consider, at this time, other
grounds for dismissal such as the lack of state action.  See,
Polk County v. Dodson, 454 U.S. 313, 471 (1981) (a public
defender does not act under the color of state law in
performing a lawyer's traditional function as counsel to an
indigent defendant and therefore cannot be sued under § 1983
as an agent of the state); Malachowski v. City of Keene, 787
F.2d 704, 710 (1st Cir. 1986) (same).

<u>Figueroa v. Rivera</u>, 147 F.3d 77, 80 (1st Cir. 1998)
(dismissing); <u>accord</u> <u>White v. Gittens</u>, 121 F.3d 803, 806 (1st
Cir. 1997) (dismissing; habeas corpus is the only permitted
mode of federal collateral attack on a state conviction).

<u>CONCLUSION</u>

ACCORDINGLY, plaintiff's claims are dismissed for the reasons
stated above.

The Clerk is directed to enter a notation on the docket
indicating that Cook has not paid the $150.00 filing fee for
this action or sought a waiver of it.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>1st</u> day of <u>March</u>, 2004.

<u>s/ Edward F. Harrington</u>
EDWARD F. HARRINGTON
UNITED STATES DISTRICT JUDGE

5